**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-04-687-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Sergio Valenzuela-Ramos, | |
| Defendant. | |

A petition to revoke Defendant's supervised release was filed on March 15, 2007. Dkt. #17. A warrant for his arrest issued the same day. Dkt. #18. The warrant has been lodged as a detainer against Defendant because he currently is serving a 7.5-year state prison sentence. Defendant's tentative release date is August 26, 2013. *See* Dkt. #19 at 8-9.

On February 10, 2010, Defendant filed a motion for a final disposition of the petition to revoke supervised release. Dkt. #19. The motion is fully briefed. Dkt. ##22, 23. For reasons that follow, the Court will deny the motion.[1]

Defendant moves for a final disposition pursuant to Article III of the Interstate Agreement on Detainers Act, 18 U.S.C. App. § 2, Art. III(a). Dkt. #19. Article III gives a prisoner in one jurisdiction the right to demand speedy disposition of any untried "indictment, information, or complaint" that is the basis of a detainer lodged against him by another jurisdiction. *Id.* Defendant concedes in his reply brief that he has no legal basis to

---

[1] Defendant's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision.

request a final disposition in this case. Dkt. #23 at 2. The Supreme Court has squarely held that a probation-violation charge "does not come within the terms of Article III." *Carchman v. Nash*, 473 U.S. 716, 725 (1985). "The *Carchman* court's reasoning would apply to revocation proceedings, which are comparable to probation-violation charges." *United States v. Burnias*, Cr. No. C-99-306 (1), 2007 WL 1813195, at *2 (S.D. Tex. June 21, 2007); *see United States v. Garcia-Garcia*, No. 03-CR-30028-01-MJR, 2010 WL 652835, at *1 (S.D. Ill. Feb. 19, 2010) ("The Interstate Agreement on Detainers Act applies only to substantive criminal charges, not to violations of probation or supervised release").

Defendant contends that it would serve the interests of justice to decide the petition to revoke as soon as possible. Dkt. #23 at 2. Defendant asserts that because he has never seen the petition or otherwise been informed of the nature of the charge against him, he does not know what evidence to secure and preserve while awaiting final disposition. *Id.* He further asserts that the existence of the detainer precludes him from participating in prison rehabilitation programs. *Id.* But any prejudice to Defendant is of his own making. The delay in resolving the petition to revoke is due to Defendant's own criminal conduct – driving under the influence of alcohol or drugs and prior felony offenses. *See State v. Valenzuela-Ramos*, No. CR2007-008157 (Ariz. Super. Ct. Aug. 15, 2007). The Court will deny Defendant's motion.

Although the petition to revoke was filed under seal (Dkt. #17), Defendant is aware of its existence and the government described the nature of the petition in its publically-filed response brief (Dkt. #22 at 2). The Court finds no compelling reason to keep the petition under seal. The Court will direct the Clerk to unseal the petition and mail a copy of it to Defendant.

**IT IS ORDERED:**

1. Defendant's motion for final disposition (Dkt. #19) is **denied**.

2. The Clerk is directed to unseal the petition to revoke supervised release (Dkt. #17) and mail a copy of it to Defendant.

DATED this 14th day of April, 2010.

*David G. Campbell*
United States District Judge